IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL A. ROSBERG, | |
| Plaintiff, | 8:17CV80 |
| vs. | |
| STATE OF NEBRASKA, and PAUL J. VAUGHAN, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff filed his Complaint on March 14, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the State of Nebraska and Paul Vaughn, a district court judge in Knox County, Nebraska, in his official and individual capacities. (Filing No. 1 at CM/ECF p. 2.) Plaintiff believes that Vaughn "is unlawfully ruling" without subject matter jurisdiction. (*Id*.) Vaughn currently presides over Plaintiff's divorce case. (*Id*. at CM/ECF p. 3.) Plaintiff alleges that he transferred his divorce case to the "common law jurisdictional side," so that he is entitled to a trial by jury under the Seventh Amendment of the U.S. Constitution. (*Id*.) Plaintiff claims that Vaughn, a chancery judge, prevented him from exercising his right to a jury trial under the common law. (*Id*. at CM/ECF pp. 3-4.) Plaintiff seeks an order that compels Defendants to allow him to exercise his right to a jury trial "in each and every case that he has filed" and in his current divorce case. (*Id*. at CM/ECF p. 5.)

Plaintiff also requests an order that compels Vaughn to recuse himself from Plaintiff's cases. (*Id.* at CM/ECF p. 8.) He claims that he filed three motions in state district court for Vaughn to recuse himself from his cases and four different lawsuits against Vaughn that are still being litigated. (*Id.* at CM/ECF pp. 5-6.) Plaintiff believes that Vaughn has consistently shown bias and impartiality against him by dismissing his civil cases, sentencing him to jail without a trial in his divorce case, ruling against most of his motions in his divorce case, and because Plaintiff filed a "Lis Pendens" on Vaughan's real estate. (*Id.* at CM/ECF pp. 5-6.)

In addition to the orders to compel, Plaintiff seeks punitive damages and costs and fees. (*Id.* at CM/ECF p. 9.)

## II.  APPLICABLE STANDARDS OF REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)

(quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A. *Rooker-Feldman* Doctrine**

To the extent Plaintiff's Complaint can be construed to challenge judgments of the state district court[1], this court lacks jurisdiction. Only the Supreme Court has the authority to entertain a proceeding to reverse or modify a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also* 28 U.S.C. § 1257(a) (granting the United States Supreme Court the power to review final judgments rendered by high courts of a state). In addition, federal courts do not have jurisdiction to review final state court judgments in judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). Together, these two principles have merged to become the *Rooker-Feldman* doctrine. It appears to the court that Plaintiff litigated his complaints against Vaughn in the state district court, before a different presiding judge, and failed. Under the *Rooker-Feldman* doctrine, the court has no jurisdiction to reverse or modify those state court judgments.

---

[1] PDF of JUSTICE document for *Rosberg v. Vaughan, John/Jane Does*, Knox County District Court Case No. CI 16-09, PDF of JUSTICE document for *Rosberg, et al., v. Vaughan, et al.*, Knox County District Court Case No. CI 16-83, PDF of JUSTICE document for *Rosberg v. Vaughn, et al.*, Knox County District Court Case No. CI 16-94, *at* https://www.nebraska.gov/justice//case.cgi; *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

## B. *Younger* Abstention

The court, nevertheless, would abstain from exercising jurisdiction over Plaintiff's claims for injunctive relief under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.") Here, each of the three *Younger* conditions is satisfied. First, Plaintiff admits that his cases are still being litigated. Second, the underlying proceedings involve domestic relations – divorce and child support - that implicate important state interests.[2] Third, there is no indication that the state courts cannot afford Plaintiff the opportunity for judicial review.

## C. Frivolous/Failure to State a Claim

Pursuant to Neb. Rev. Stat. § 42-351 (West), state district courts have jurisdiction over divorce proceedings. Accordingly, there is no merit to Plaintiff's claim that Vaughn lacked subject matter jurisdiction over Plaintiff's divorce case.

---

[2] This, however, does not appear to be a case in which the domestic relations exception would prevent the court from exercising jurisdiction. *See Alexander v. Rosen*, 804 F.3d 1203, 1205–06 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 2392, 195 L. Ed. 2d 767 (2016) (domestic relations exception did not apply where plaintiff claimed that various state actors violated federal law; "[t]he fact that they did so in the course of deciding his child support obligations is immaterial").

Underlying Plaintiff's claims is his belief that Vaughn should have granted his common law right to a jury trial, specifically in his current divorce case, pursuant to the Seventh Amendment of the U.S. Constitution. The Seventh Amendment provides, in relevant part: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const., Amend. 7. The Seventh Amendment applies only in federal courts. *Olesen v. Trust Company of Chicago*, 245 F.2d 522, 524 (7th Cir. 1957), *cert. denied*, 355 U.S. 896 (1957). Nevertheless, in Nebraska, divorce proceedings are equitable in nature, and therefore there is no right to a jury trial in such proceedings. *See Rauch v. Rauch*, 590 N.W.2d 170, 174 (Neb. 1999); *Else v. Else*, 367 N.W.2d 701, 703 (Neb. 1985). Much to Plaintiff's chagrin, this is the reason that Vaughn denied his request for a jury trial.[3]

Plaintiff cannot "transfer" his case out of its requisite legal category. And, it appears to the court that Plaintiff continues to harass Vaughn with lawsuits because Plaintiff does not agree with Vaughn's rulings and in an effort to provide grounds for Vaughn to recuse himself from Plaintiff's divorce case. A litigant cannot unilaterally create the grounds for recusal. *See In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000) (filing of judicial misconduct charge in reaction to court's decision insufficient ground for disqualification). Accordingly, the court finds that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted.[4] The court also finds that Plaintiff may not use this lawsuit to interfere

---

[3] PDF of JUSTICE document for *Rosberg v. Rosberg*, Knox County District Court Case No. CI14-52 *at* https://www.nebraska.gov/justice//case.cgi.

[4] The court notes that Plaintiff's request for monetary relief is denied for additional reasons, namely that the State and Vaughn enjoy immunity from Plaintiff's claim for damages. The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Judges are absolutely immune from suit for money damages when they act in their judicial capacity, unless their actions are "taken in

with actions that have been decided or are pending in state court proceedings. The court will not give Plaintiff an opportunity to amend his Complaint because it is obvious that amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This action is dismissed with prejudice because Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted.

2. The court will enter judgment by separate order.

3. Plaintiff's motion for hearing and stay of divorce proceedings ([Filing No. 6](#)) is denied as moot.

Dated this 26th day of April, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

the complete absence of all jurisdiction." *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997). Vaughn acted in his judicial capacity and with jurisdiction.